**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Gutierrez, | No. CV-18-00301-TUC-LCK |
| Petitioner, | **ORDER** |
| v. | |
| Felipe Martinez, | |
| Respondent. | |

Petitioner Jose Gutierrez, incarcerated at the Federal Correctional Institution in Safford, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before this Court are the First Amended Petition (Doc. 5) and Respondent's Answer (Doc. 12). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 18.) The Court finds that Petitioner's claims should be dismissed as Petitioner has failed to raise a colorable claim for relief.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is serving a 108-month sentence for his 2014 conviction for Possession of Methamphetamine with Intent to Distribute and Felon in Possession of a Firearm. (Doc. 12, Ex. 1 at 2.) The Bureau of Prisons (BOP) projects his release date as February 6, 2022, presuming he earns all available good time credits. (*Id.*)

While housed at the Federal Correctional Institution Terminal Island in San Pedro, California, Petitioner was charged with assault. (*Id.*, Ex 1, Attach. 2 at 18.) An investigation

and Incident Report were completed on May 24, 2017. (*Id.*) The investigation revealed that Petitioner was one of five inmates who entered another inmate's cell and participated in the assault. (*Id.*) The inmate victim identified Petition as one of the assailants. (*Id.*) In addition, witness inmates provided corroborating statements, and video footage showed the victim and assailants in the unit where the assault occurred during the time of the incident. (*Id.*) Inmate Castillo, another inmate accused of being involved, stated that he was the only one responsible for the assault when interviewed by the Special Investigate Services (SIS) Technician Officer. (*Id.* at 34.) The Incident Report, providing notice of the charge, was delivered to Petitioner on both May 24 and May 30, 2017, and to the Unit Disciplinary Committee (UDC). (*Id.* at 17-18.) The UDC referred the matter to a Detention Hearing Officer (DHO). (*Id.* at 18.) On May 26, 2017, Petitioner was informed of his rights (*id.* at 55) and signed a form declining to have a staff representative or to call witnesses at the DHO hearing (*id.* at 57).

On June 4, 2017, a hearing was held before a DHO and Petitioner did not request witnesses. (*Id.* at 12.) The DHO found that Petitioner committed the assault and sanctioned him with the loss of 27 days good conduct time, forfeiture of 10 days non-vested good conduct time, loss of phone and visit time for three months, and disciplinary segregation for 30 days. (*Id.* at 13.) The DHO's report was completed on June 4, 2017, and delivered to Petitioner that same day. (*Id.*)

Petitioner appealed the DHO's decision to the Regional Director on June 19, 2017, contending that he was innocent because the fight was between the victim and Inmate Castillo, who had taken sole responsibility for the assault, and it was impossible for six people to fit into a cell as was claimed in the Incident Report. (*Id.* at 61.) The Regional Director denied the appeal on December 1, 2017. (*Id.* at 60.) Petitioner appealed this decision, and the appeal was received by the BOP General Counsel on December 11, 2017. (*Id.* at 2.) In this appeal, Petitioner argued that the greater weight of the evidence did not support a finding of guilt and that his due process rights were violated when he was denied the right to call a witness for his defense. (*Id.* at 3.) Petitioner stated he had wished to call

Inmate Castillo as a witness because Castillo's testimony could have exonerated him. (*Id*.) The General Counsel denied the appeal on February 8, 2018; he found that the determination of the DHO was "reasonable and supported by the evidence" and Petitioner had signed a form waiving his right to staff representation and witnesses prior to his DHO hearing. (*Id.* at 1.) He also stated that the second appeal was the first time in the administrative record that Petitioner mentioned wanting to have a witness. (*Id.*)

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on June 18, 2018. (Doc. 1.) He then filed an Amended Petition on July 20, 2018, asserting that his due process rights were violated when the DHO denied Petitioner's request to call a witness for the disciplinary hearing without justification. (Doc. 5.)

## **DISCUSSION**

Respondent argues that Petitioner's claim is precluded for lack of exhaustion and that his due process rights have not been violated.

**Exhaustion of Administrative Remedies**

Typically, the Court requires an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. § 2241 claim. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The administrative exhaustion requirement protects an administrative agency's authority by promoting respect for the agency's procedures and by affording it the opportunity to correct its own mistakes before being haled into court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

To dispute a decision made by the DHO, an inmate has two avenues of appeal. First, the inmate may submit a BP-10 appeal form to the Regional Director within 20 days from the DHO decision. *See* 28 C.F.R. §§ 542.14(d)(2), 542.15(a). Then, if unsatisfied with the Regional Director's response, the inmate may submit a BP-11 appeal form to the General Counsel within 30 days of the Regional Director's decision. *See* 28 C.F.R. § 542.15(a). That is the final administrative appeal from a DHO decision. *Id.* An inmate may not raise an issue on appeal if they did not raise it in a lower-level filing. 28 C.F.R. § 542.15(b)(2). Here, Petitioner's first appeal only raised the sufficiency of the evidence to find him guilty.

(Doc. 12, Ex. 1, Attach. 2 at 61.) In his appeal to the General Counsel, Petitioner raised both a sufficiency of the evidence claim and a due process violation claim based on denial of the right to call a witness. (*Id.* at 3.) Because Petitioner failed to bring his due process violation claim to the Regional Director, he has not exhausted the BOP's administrative remedies for this claim.

The Court, however, can waive the exhaustion requirement if exhausting administrative remedies would be futile, inadequate, void, or will cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Although Petitioner's due process claim was not raised in the appeal to the Regional Director, the General Counsel considered the claim and denied it on its merits. (Doc. 12, Ex. 1, Attach. 2 at 1.) Requiring Petitioner to bring a new administrative appeal of this claim would be futile because the BOP's General Counsel already considered the merits of the claim, and a new appeal would likely be dismissed as untimely. *See Von Kahl v. Brennan*, 855 F. Supp. 1413, 1417 (M.D. Pa. 1994) (excusing proper exhaustion of administrative remedies where the petitioner raised all claims in his appeal to the BOP's General Counsel, who adjudicated them on the merits). As it would be futile to require Petitioner to present the instant claim to the Regional Director, the Court rejects Respondent's exhaustion argument.

**Due Process Violation**

Petitioner alleges that his due process rights were violated when the DHO failed to produce a witness requested by Petitioner during the hearing, take a statement from the witness, or otherwise justify that the witness posed a threat to the orderly running of the institution or was not readily available. (Doc. 5 at 4.)

Under 28 U.S.C. § 2241, inmates can petition for relief if they demonstrate they are in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). An inmate may obtain relief under § 2241 for loss of good time credits if the prison disciplinary proceeding did not comply with due process. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). At a disciplinary hearing, due process requires that the inmate: (1) receive written notice of the infraction(s) at least 24 hours before the

disciplinary hearing; (2) has a right to call witnesses unless it would be unduly hazardous to institutional safety or correctional goals; (3) is entitled to assistance in preparing and presenting a defense to the disciplinary charge; (4) is entitled to a copy of the disciplinary findings; and (5) has a right to have a sufficiently impartial decision maker. *Wolff v. McDonnell*, 418 U.S. 539, 563-571 (1974). To comport with due process, a disciplinary decision must be supported by "some evidence" in the record. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 445-56 (1985) ("Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.")

Petitioner only contends that the BOP violated the second *Wolff* requirement, and after review of the record it appears to the Court that the BOP complied with the other requirements. Petitioner argues that he requested to call a witness when he was advised of his rights in connection with the DHO hearing, but the DHO denied his request. (Doc. 5 at 5.) At the same date and time that Petitioner was advised of his rights, he signed a form waiving his right to request witnesses prior to the DHO hearing (Doc. 12, Ex. 1, Attach. 2 at 55, 57). *See Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (inmates can waive their right to call witnesses and signing a form waiving this right is a valid waiver). Because Petitioner waived his right to call witnesses, there was no due process violation.

Furthermore, there is no evidence in the record—and Petitioner has not produced any evidence—that suggests Petitioner requested a witness at any point during his hearing. Assuming Petitioner did request a witness during the hearing, as he contends in the Petition (Doc. 5 at 5), there still was no violation of his due process rights because the proposed witness's testimony would have been repetitive evidence. *See* 28 C.F.R. § 541.8(f)(3) ("requested witnesses may not appear if, in the DHO's discretion, . . . they would present repetitive evidence"); *see also Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (citing *Wolff*, 418 U.S. at 566) ("prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary"). Petitioner states he wished to call Inmate

Castillo to testify that Petitioner was not involved in the assault (Doc. 5 at 5); however, the DHO in making his decision considered the SIS report where Inmate Castillo stated he was the only participant in the assault on the other inmate. (Doc. 12, Ex. 1, Attach. 2 at 12, 34.) Therefore, because Petitioner waived his right to call witnesses and the proposed witness would have presented repetitive testimony, the Court finds that Petitioner has not demonstrated that his due process rights as set forth in *Wolff* were violated.

As a final matter, to comport with due process, the DHO's findings must be supported by some evidence in the record. The *Hill* standard is minimal and precludes an independent assessment of the credibility of witnesses or even a weighing of the evidence. *Cato v. Rushen*, 824 F.2d 703, 704 (9th Cir. 1987). The "some evidence" standard requires us to ask if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (quoting *Hill*, 472 U.S. at 455-56). The DHO's conclusion clearly is supported by some evidence in the record. The DHO, in making his decision, stated he relied upon the victim's statement identifying Petitioner as one of the assailants, witness testimony that corroborated this, and video footage showing Petitioner entering the unit where the victim was assaulted near the time of the assault. (Doc. 12, Ex. 1, Attach. 2 at 13.) Because the decision was supported by some evidence, the hearing and loss of good time credits did not violate Petitioner's right to due process.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

Dated this 12th day of June, 2019.

*Lynnette C. Kimmins*
Honorable Lynnette C. Kimmins
United States Magistrate Judge